# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| BellSouth Telecommunication LLC | Civil Action No. 6:16-cv-001624 |
| versus | Unassigned District Judge |
| New Orleans Teleport Inc | Magistrate Judge Carol B. Whitehurst |

## ORDER

Before the Court is a Motion To Intervene pursuant to Federal Rule of Civil Procedure 24(a), and alternatively Rule 24(b), filed by Barbara Lamont and Ludwig Gelobter ("Proposed Intervenors") [Rec. Doc. 23], a Memorandum in Opposition filed by BellSouth Telecommunications, LLC ("BellSouth") [Rec. Doc. 29] and Proposed Intervenors' Reply thereto [Rec. Doc. 35]; as well as a Motion To Extend Discovery Deadlines And For Leave To File Amended Counterclaim filed by New Orleans Teleport, Inc. d/b/a CallsPlus ("CallsPlus"), [Rec. Doc. 24], a Memorandum in Opposition filed by BellSouth Telecommunications, LLC [Rec. Doc. 28] and CallsPlus' Reply thereto [Rec. Doc. 36].

### *I. Background*

The record of this case provides that on November 22, 2016, BellSouth Telecommunications, LLC filed suit against CallsPlus. *R.1*. CallsPlus answered the complaint and filed a counterclaim against Bellsouth on March 7, 2017. *R. 9*. On March 10, 2017, the Court issued a Scheduling Order which set the deadline for Joinder of

Parties and Amendment of Pleadings on April 4, 2017, and the deadline for Discovery on August 8, 2017. *R. 10*. In the Rule 26(f) Report, filed on May 22, 2017, the parties agreed to extend the discovery deadline to August 20, 2017, and all depositions would be completed by December 1, 2017. *R. 20, p. 5*. On August 16, 2017, the Court granted a motion filed by CallsPlus, *R. 21*, to withdraw their original counsel and substitute current counsel of record. *R. 22*. On that same date, Proposed Intervenors filed this Motion to Intervene, *R. 23,* and CallsPlus filed a Motion for Leave to File Amended Complaint and Extend Discovery, *R. 24*. The Court will address the Motion to Intervene first.

## *II. Law and Analysis*

Proposed Intervenors are the principal owners and chief managers of CallsPlus who contend "have suffered damages in their personal capacity caused by the unjust, unfair, and unlawful charges and practices of BellSouth." *R. 23*. They allege that 47 U.S.C. § 207 of the Communications Act of 1934, 47 U.S.C. § 201, et seq, gives them "the unconditional right" to intervene in this action under Rule 24(a)(1).[1] Alternatively, they maintain they should be allowed to intervene pursuant

---

[1] Under 47 U.S.C. § 201(b), a private right of action exists for damages for "any 'practice' in connection with providing communications services 'that is unjust or unreasonable.'" *CenturyTel of Chatham, LLC v. Sprint Communications Company, L.P.*, 861 F.3d 566, 571–72 (5th Cir. 2017) *quoting* 47 U.S.C. § 201(b). Section 207 provides that "[a]ny person claiming to be damaged by any common carrier ... may bring suit for the recovery of damages for which such common carrier may be liable under the provisions of this chapter." *Id. quoting* 47 U.S.C. § 207.

to Rule 24(b) because their claims share common questions of law and fact with BellSouth's Complaint and CallsPlus' Counterclaim. BellSouth opposes intervention under both 24(a) and (b).

Federal Rule of Civil Procedure 24 allows persons not already parties to intervene in an existing case. See Fed. R. Civ. P. 24. Interventions may be either "of right" under Rule 24(a) or "permissive" under Rule 24(b). The Federal Rules of Civil Procedure specify two situations in which a person is permitted to intervene as of right: first, when a federal statute grants an unconditional right to intervene, Fed. R. Civ. P. 24(a)(1); and second, when a person claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest, Fed. R. Civ. P. 24(a)(2). *Sommers v. Bank of America, N.A.*, 835 F.3d 509, 512 (5th Cir. 2016). As noted above, Proposed Intervenors contend their right to intervene under Rule 24(a)(1) flows from 42 U.S.C. § 207 of the Communications Act.

*A. Intervention Of Right*

In their Motion, Proposed Intervenors provide no support—either statutory language or jurisprudence—for their allegation that 47 U.S.C. § 207 gives them "the right to intervene." In its Opposition, BellSouth argues that the Communications Act

does not include any language related to a right to intervene. *R. 29*. While it provides no jurisprudential support for this position (presumably because it could locate none), BellSouth argues that even statutes that do confer an absolute right to intervene are rarely given an unconditional statutory right to intervene under Fifth Circuit law.[2] The Court as also failed to locate *any* jurisprudence, Fifth Circuit or otherwise, in which a Rule 24(a) intervention was permitted under § 207, or any section of the Communications Act. Proposed Intervenors cannot prove intervention of right.

*B. Permissive Intervention*

The Court finds that as Proposed Intervenors have failed to demonstrate an "unconditional right" under a federal statute to intervene on the basis of Rule 24(a)(1), it must turn to the alternative argument for permissive intervention under Rule 24(b). While Proposed Intervenors do not specify a section under Rule 24(b), the Court finds that Section (b)(1)(B) applies in this case.[3] Rule 24(b)(1)(B) provides that on "timely motion", the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). A court possesses the discretion to determine whether to permit permissive intervention

---

[2] *R. 29, pp. 2-3, citing Fuel Oil Supply and Terminating v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 (5th Cir. 1985).

[3] Section (b)(1)(A) requires "a conditional right to intervene by a federal statute" and Section (b)(2) applies to permissive intervention by "a Government Officer or Agency." FRCP 24.

and must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. at (b)(3).

Movants wish to join with the current plaintiff, CallsPlus, in asserting their own personal claims as sole shareholders and officers of CallsPlus which are in common with the current claims against BellSouth. BellSouth objects to the intervention as untimely and prejudicial to BellSouth.[4] Permissive intervention is, however, "wholly discretionary" with the district court even when there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied. *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Considerations include whether the intervenors' interests are adequately represented by other parties and whether intervention will unduly delay the proceedings or prejudice existing parties. *Id*.

To determine whether a motion to intervene is timely, courts must consider the totality of the circumstances. *U.S. v. Covington County School Dist.*, 499 F.3d 464, 465 (5th Cir. 2007). In *Stallworth v. Monsanto Co.*, the Fifth Circuit stated four factors to consider in determining whether a motion to intervene is timely: (1) how long the potential intervenors knew or reasonably should have known of their stake in the case

---

[4] The Court has previously determined that diversity jurisdiction exists between BellSouth and CallsPlus. Proposed Intervenors will not upset the Court's jurisdiction.

into which they seek to intervene[5]; (2) the prejudice, if any, the existing parties may suffer because the potential intervenors failed to intervene when they knew or reasonably should have known of their stake in that case; (3) the prejudice, if any, the potential intervenors may suffer if the court does not let them intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness. 558 F.2d 257, 264–66 (5th Cir.1977); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). "These factors are not a formula for determining timeliness; instead, it should be determined based on all the circumstances." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 561 (5th Cir. 2003). The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir.1970). Federal courts should allow intervention "where no one would be hurt and greater justice could be attained." *Id*.

BellSouth first asserts that Proposed Intervenors' Complaint is untimely because it was filed nine months after BellSouth's Complaint was filed and after the deadline to amend pleadings. Proposed Intervenors argue that because they were not parties to this action, the Scheduling Order does not apply to them. They further argue that

---

[5] As opposed to when a would-be intervenor became aware of the pendency of the case, which is not relevant to the timeliness inquiry. 558 F.2d at 265.

filed their Proposed Complaint within the two (2) year statute of limitations under the Communications Act. Proposed Intervenors maintain that they promptly moved for intervention once their interest in the case became known to them. Citing the fourth factor, unusual circumstances, Movants represent that, contrary to BellSouth's assertion that they have been aware of this litigation and their private causes of action since its inception, they did not have "actual knowledge of their standing to assert claims under the Communications Act until the change of counsel." *R. 35, p. 6.* As corroborated by the record, the instant motion was filed on the same day, by the same attorney that the Court allowed to substitute into this case as counsel of record for CallsPlus. The Court finds Movants first knew of their personal causes of action in this case when they retained their present counsel.

As to the second factor, BellSouth contends it will suffer extreme prejudice in the event intervention is permitted because BellSouth will be required to engage in extensive discovery which will in turn cause the delay of trial in this matter. BellSouth argues that Movants are already represented by their company in this lawsuit and Movants' personal claims for "mental anguish" and "severe stress" are not allowed under the Communications Act. Proposed Intervenors argue that BellSouth cites no applicable jurisprudence for its contention that such damages are not available under the Communications Act. Instead, they cite Section 206 of the Communications Act

7

which makes common carriers such as BellSouth "liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter." Proposed Intervenors also cite jurisprudence involving similar statutes, i.e. FCRA and ECOA, in which the Fifth Circuit has held damages for mental anguish is available. They assert that BellSouth's arguments are premature, and should be raised once they are part of this case by a motion pursuant to Rule 12(b)(6).

Finally, as to the final factors, Proposed Intervenors contend they will suffer substantial prejudice if not allowed to intervene. Because the claims at issue are strictly personal, they have no intersection with the corporation or the corporation's property, and the two year statute of limitations under the Communications Act will have run before this Motion could be finally adjudicated—they "would lose their rights to recover for BellSouth's unlawful conduct." *R. 35*. They assert that unusual circumstances in this case include not only that they were not aware of their personal cause of action until they retained present counsel, but also the fact that a continuance in this case is likely to occur "no matter what" because the presiding district judge has now retired. This Court agrees it is virtually certain that the current trial date will be

continued due to the lack of judicial resources in this Division and this District.[6] There is no date certain as to when a district judge will take the bench in this Division.

Rule 24 is to be liberally construed. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n,* 2016 WL 4435631, at *1 (5th Cir. Aug. 22, 2016). *See also Entergy Gulf States La, L.L.C. v. U.S. E.P.A.,* 817 F.3d 198, 203 (5th Cir. 2016) ("The rule 'is to be liberally construed,' with 'doubts resolved in favor of the proposed intervenor.' "). "District Courts are given broad discretion in granting motions to intervene under Rule 24(b)(2)." *League of United Latin American Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989). Based on the foregoing, the Court finds that Proposed Intervenors' personal causes of action are not represented by CallsPlus, their intervention is not untimely and BellSouth will not be prejudiced in the event intervention is permitted.

Accordingly,

**IT IS ORDERED** that the Motion To Intervene pursuant to Federal Rule of Civil Procedure 24(a), and alternatively Rule 24(b), filed by Movants, Barbara Lamont and Ludwig Gelobter, [Rec. Doc. 23] is **GRANTED**.

**IT IS ORDERED** that the Motion To Extend Discovery Deadlines And For

---

[6] Currently there are no district judges in this Division. As of October 31, 2017, there will be only 2 active district judges with 5 vacate seats in the District.

Leave To File Amended Counterclaim filed by New Orleans Teleport, Inc. d/b/a CallsPlus [Rec. Doc. 24] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order [Rec. Doc. 10] is **VACATED**. The Court will issue a separate Order setting a telephone status conference to select a new trial, at which time a new Scheduling Order will issue.

THUS DONE AND SIGNED this 30th day of October, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**